UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC WESSON #2549000,

       Plaintiff,

                                 CASE NO. 1:14-cv-1075

v.

                                 HON. ROBERT J. JONKER

DEBORAH GUNN,

       Defendant.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 29)

that recommends: 1) granting summary judgment to Defendant on all federal claims (Counts I, II,

and III) and 2) dismissing the state law claim (Count IV) without prejudice.  Plaintiff objected to the

recommendations (docket # 30).  Under the Federal Rules of Civil Procedure, where, as here, a party

has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to

reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it

justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381

(2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.  The district judge may accept, reject,
> or modify the recommended disposition; receive further evidence; or return the
> matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances

requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d

1208, 1215 (6th Cir. 1981).  After de novo review in this case, the Court concludes that the Report

and Recommendation is legally sound and factually correct, and the Court therefore adopts it as its decision.

## Plaintiff's Objections

Plaintiff's first objection is to the Magistrate Judge's analysis of whether an adverse action occurred when Plaintiff was transferred from MTF to STF (docket # 30, PageID.204). Specifically, Plaintiff alleges that the loss of a highly valued prison job, as well as being transferred further away from family, were important factors to consider. Unless unusual circumstances apply, "prison officials, rather than judges, should decide where a particular prisoner should be housed." *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013). The Court finds that Plaintiff's transfer from MTF to STF was not an exceptional case in which a transfer amounted to a retaliatory act, even when considering the loss of income and distance from family pointed out by Plaintiff. Unlike in *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), the loss of income in this case was not directly tied to the ability to maintain an attorney-client relationship. Unlike in *LaFountain*, the transfer here was not effectively erasing the benefit of a previous settlement agreement. The Court agrees with the Magistrate Judge that Plaintiff's transfer from MTF to STF did not constitute an adverse action, and Plaintiff's first objection is overruled.

Plaintiff's second objection is that the Magistrate Judge used a "dismissive characterization" by portraying the stakes of the dispute as Plaintiff's "less favorable (special) treatment . . . at one prison vs the other." (Obj., docket # 30, PageID.204). However, the Court finds that the Report & Recommendation fairly summarizes the facts and properly lays out the legal analysis to determine whether conduct is protected by the First Amendment. (R&R, docket # 29, PageID.196-198). Plaintiff has not adequately supported a claim that his First Amendment rights were violated as Plaintiff attempted to qualify for early release under the habitual offender program.

### Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Plaintiff must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Plaintiff is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Plaintiff has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

3

**IT IS THEREFORE ORDERED THAT:**

- Plaintiff's Objections (docket # 30) are OVERRULED.

- The Report and Recommendation of the Magistrate Judge (docket # 29) is APPROVED and ADOPTED as the opinion of this Court.

- Defendant's Motion for summary judgment (docket # 11) is GRANTED as to Counts I, II, and III, and DENIED in all other respects.

- Plaintiff's Count IV for state-law intentional infliction of emotional distress is DISMISSED WITHOUT PREJUDICE because the Court declines to exercise supplemental jurisdiction over it.

- A certificate of appealability is DENIED.

- This case is TERMINATED.


  /s/Robert J. Jonker
  Robert J. Jonker
  Chief United States District Judge

Dated:  March 30, 2016

4